# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. § | | |
| ROLAND WADE JACKSON § | | |
| § | | CASE NO. 4:13-CV-734 |
| v. § | | (Judge Mazzant/Judge Nowak) |
| § | | |
| UNIVERSITY OF NORTH TEXAS, ET AL. § | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 18, 2015, the report of the Magistrate Judge (Dkt. #94) was entered containing proposed findings of fact and recommendations that Defendant SLM Corporation's ("SLM") Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #37) be granted. The Magistrate Judge recommended Relator's claims be dismissed because Relator's claims are barred by the applicable statutes of limitations, and also because Relator failed to state a claim under 31 U.S.C. § 3729(a)(1)(A). Having received the report of the Magistrate Judge (Dkt. #94), having considered Relator's timely filed objections (Dkt. #101) and SLM's response to such objections (Dkt. #109), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #94) as the findings and conclusions of the Court.

## BACKGROUND

The Magistrate Judge previously set forth the procedural and factual history of this litigation in detail, and such facts need not be restated fully herein (*see* Dkt. #94). This litigation arises out of Relator's applications for, and alleged failure to receive, student loan funds during

his attendance at University of North Texas ("UNT") (1992-1996), and the garnishment of certain federal payments owed to him thereafter (Dkt. #10 at 8-9).[1] In the alternative, Relator also asserts state law claims for conspiracy and unjust enrichment. *Id*. at 34. Generally, Relator contends that he attended UNT on athletic scholarship from 1992 through 1996. *Id*. at 8. While attending UNT, Relator applied for two student loans relating to his claims against SLM: (1) a $5,500.00 unsubsidized Federal Family Education Loan Program ("FFELP") loan for the 1994-1995 school year from an entity alleged to be "Bank One" (which Relator contends is now JPMorgan Chase Bank N.A. ("Chase")) (the "1994 Loan"); and (2) a $5,500.00 unsubsidized FFELP loan for the 1995-1996 school year from Chase (the "1995 Loan") (collectively with the 1994 Loan, the "Loans"). *Id*. at 12-13. Relator argues that the estimated financial assistance amount submitted in connection with the Loans was too low because it did not include his athletic scholarship award amount. *Id*. Inclusion of Relator's scholarship amount would have allegedly limited Relator's eligibility for additional aid and would have resulted in Relator not qualifying for this financial assistance. *Id*. at 15. Relator argues that Chase approved the "falsely certified" Loans even though Relator was ineligible to receive them. *Id*. Relator asserts that UNT eventually realized its error in omitting the athletic scholarship amount, and ultimately denied the Loans to Relator because it "did not want to violate NCAA Rules by physically disbursing" the Loans to Relator. *Id*. at 13. Notwithstanding UNT's decision not to disburse the funds, Relator contends that UNT proceeded to accept the full amount of the loan funds from Nelnet, Inc. ("Nelnet"), a third-party servicer, and issue checks to Relator as evidence that he

---

[1] In the Magistrate Judge's report and recommendation, the Magistrate Judge stated that Relator's wages were garnished to repay the loan obligation to the Department of Education (Dkt. #94 at 1, 6). In his objections, Relator now clarifies that the alleged false claims submission caused the garnishment of (1) federal travel payments owed to Relator for payment towards his federal credit card (a condition of his federal employment); and (2) multiple income tax refunds (Dkt. #101 at 2). The Court notes this clarification in its Order; however, this distinction is irrelevant to the ultimate conclusions of the Magistrate Judge, and does not alter the result herein.

received the funds, but in actual fact never disbursed those funds. *Id*. at 14-15. Relator graduated from UNT in May 1996, triggering Relator's repayment obligations on the Loans. *Id*. at 7-8.

Relator does not allege that SLM was involved in the application for, evaluation, approval, funding, or disbursement of the Loans that are the focus of Relator's Complaint. *Id*. at 8-13. SLM allegedly began servicing the Loans on or about June 1, 2000. *Id*. at 26. After it began to service the Loans, Relator contends that SLM (1) failed to maintain copies of canceled checks for at least three (3) years after the Loans were paid in full; (2) did not obtain proof from Chase that the Loans were physically disbursed to Relator; and (3) suggested that Relator complete and submit a Loan Discharge Application: Unpaid Refund. *Id*. at 26. More specifically, Relator alleges that SLM failed to determine that the student loan funds were actually disbursed to Relator, and thus improperly submitted the claims for payment to Texas Guaranteed Student Loan Corporation ("TG") on July 26, 2005, in the amounts of $10,264.89 and $9,530.91. *Id*. at 33. Relator also contends that SLM received the total amount of $20,758.47 in payments from TG on September 23 and 26, 2005. *Id*. According to Relator, SLM's failure to verify the details of his loan obligations caused SLM to submit false claims to TG for payment, and thereafter caused TG to seize certain payments owed to Relator to repay the loan obligation to the Department of Education (the "Department"). *Id*. The entire amount of the allegedly improper Loans has now been satisfied in full. *Id*. at 30.

Relator filed this action under seal on December 11, 2013, asserting claims arising under the False Claims Act ("FCA") against Defendants UNT, Chase, Nelnet, TG, and SLM (Dkt. #1). Relator also asserts state law claims for conspiracy and unjust enrichment. *Id*. The United States declined to intervene, and filed its notice indicating such on October 17, 2014 (Dkt. #8).

On November 14, 2014, the Court acknowledged the United States' election to decline to intervene, and ordered the Complaint unsealed and served upon Defendants by Relator (Dkt. #9). On November 21, 2014, Relator filed an Amended Complaint, which is the live pleading in this case (Dkt. #10). Thereafter, Relator served Defendants, including SLM, and such service was returned executed on January 12, 2015 (Dkt. #28). On February 3, 2015, SLM filed its Motion to Dismiss (Dkt. #37). On February 20, 2015, Relator filed a Response (Dkt. #44). On March 2, 2015, SLM filed a Reply (Dkt. #47), and on June 2, 2015, a Notice of Supplemental Authority (Dkt. #86).

On November 18, 2015, the Magistrate Judge entered a report and recommendation containing proposed findings of fact and recommendations that SLM's Motion to Dismiss (Dkt. #37) be granted, and Relator's claims against SLM be dismissed in their entirety with prejudice (Dkt. #94). The Magistrate Judge found that SLM had standing to challenge this litigation; and further, that the exercise of its supplemental jurisdiction was appropriate. *Id*. The Magistrate Judge recommended that each of Relator's claims be dismissed because both Relator's FCA and state law claims are barred by the applicable statute of limitations, and further recommended that Relator's claim under 31 U.S.C. § 3729(a)(1)(A) also be dismissed for failure to state a claim. *Id.*

On December 4, 2015, Relator filed his objections to the report and recommendation of the Magistrate Judge (Dkt. #101). On December 18, 2015, SLM filed a response to Relator's objections (Dkt. #109). The Court has reviewed Relator's objections to the report and recommendation of the Magistrate Judge, and considers each herein.

**ANALYSIS**

Relator objects to the Magistrate Judge's finding that: (1) Relator's claims are barred by the statute of limitations; (2) Relator failed to state a claim under 31 U.S.C. § 3729(a)(1)(A); and (3) Relator's request for leave to amend his complaint was denied (Dkt. #101). The Court addresses each objection in turn.

**I.** *Statute of Limitations*

    *A.* *FCA Claims*

Relator objects to the Magistrate Judge's conclusion that Relator's claims arising under the FCA should be dismissed because they are barred by the applicable statute of limitations (Dkt. #101 at 2-3). More specifically, Relator persists in his argument that the limitations period should be tolled under 31 U.S.C. § 3731(b)(2), which provides that a claim must be brought within three years "after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed." Relator argues that this action was filed in December 2013, which was within three (3) years of the date when facts material to the right of action were known (December 2, 2011, according to Relator), and less than ten (10) years from the date on which the violation occurred. *Id.* SLM contends that Relator's argument is merely a restatement of his prior argument, which the Magistrate Judge already considered and rejected (Dkt. #109 at 2-3).

The text of the FCA's limitations provision states an FCA lawsuit may not be brought:

> (1) more than 6 years after the date on which the violation of [the FCA] is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with the responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.

31 U.S.C. § 3731(b). Relator does not dispute that the six-year limitations period ran before he filed this litigation (Dkt. #101). In keeping with the rulings of other courts that have considered this issue, and in particular the Fifth Circuit, the Magistrate Judge found that Relator could not rely on the ten-year statute of limitations period because the United States declined to intervene (Dkt. #94 at 14-17 (citing *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 814 (E.D. Tex. 2008)); *United States ex rel. Erskine v. Baker*, No. 99-50034, 2000 WL 554644 (5th Cir. Apr. 13, 2000); *United States ex rel. King v. Solvay S.A.*, 823 F. Supp. 2d 472, 535-36 (S.D. Tex. 2011), *vacated in part on other grounds by* 2012 WL 1067228 (S.D. Tex. Mar. 28, 2012); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, No. EP-07-CV-247-PRM, 2010 WL 1645969, at *3-8 (W.D. Tex. Jan. 21, 2010)). Specifically, the Magistrate Judge concluded that Relator's claims are subject to the six-year limitations period, and found that Relator's claims were filed more than two (2) years after the expiration of this period. *Id.* at 17. Other than reurging his previous argument, Relator cites no additional or new case law and offers no reason why the Court should ignore the case law in the Fifth Circuit and reach a contrary result in this case. Accordingly, the Court finds that Relator's objection is overruled, and agrees with the Magistrate Judge that Relator's FCA claims are subject to the six-year limitations period.

### B. State Law Claims

Relator next objects to the finding of the Magistrate Judge that Relator's state law claims are barred by the statute of limitations (Dkt. #101 at 6).[2] Relator asserts that the limitations period should not have started running on his individual state law claims until all administrative attempts to resolve Relator's complaints had run their course. *Id*. More specifically, Relator contends that as late as March of 2012, Relator was led to believe that the Department would resolve his complaints after a hearing on the matter. *Id*. Relator asserts that he filed this litigation within two years of his belief that an administrative proceeding was still available to him. *Id*. SLM contends that this is the first time Relator has made this argument, and that there is no case law and/or authority to support the proposition that administrative remedies must be exhausted before the statute of limitations begins to run (Dkt. #109). The Court agrees. Relator makes no attempt to show that he was required to exhaust his administrative remedies at the Department, nor that he did actually exhaust his remedies prior to filing common law claims against SLM. Relator's state law claims are time-barred, and Relator's objection is overruled.

## II. Failure to State a Claim

Relator also objects to the finding of the Magistrate Judge that Relator failed to allege a claim under 31 U.S.C. § 3729(a)(1)(A) (Dkt. #101 at 3-5). More specifically, Relator argues that SLM submitted the default claims to TG for the Loans, and that SLM submitted this claim for payment without an executed, legally enforceable promissory note. *Id*. SLM argues in response that Relator's objection conflates the FCA's definition of a "claim," with the requirement the claim be made to the government (Dkt. #109 at 3-4). SLM contends that Relator's argument

---

[2] Relator does not object to the Magistrate Judge's finding that Relator failed to state a claim for unjust enrichment, which is an independent ground for dismissal of this claim. For this reason alone, the Court agrees with the Magistrate Judge and finds Relator's unjust enrichment claim is dismissed.

ignores the fact that 31 U.S.C. § 3729(a)(1)(A) requires he allege facts sufficient to demonstrate SLM made a claim, and that such claim was made to the government. *Id*. at 4.

The Magistrate Judge specifically found that Relator may have alleged that SLM made a claim, but that Relator failed to allege "it made a claim to the *government* itself" (Dkt. #94 at 20 (emphasis in original)). "[W]hen there is a government-insured loan, a claim under the False Claims Act only occurs when the borrower defaults and the government must make payment." *United States ex rel. Graves v. ITT Educ. Servs., Inc*., 284 F. Supp. 2d 487, 495-96 (S.D. Tex. 2003), *aff'd*, 111 F. App'x 296 (5th Cir. 2004) (citation omitted). The Court agrees with the Magistrate Judge that Relator fails to allege that SLM presented a claim to the *government*, and instead alleges only that SLM made a claim to TG, which in turn made a claim to the government (Dkt. #10 at 24, 28, 33). Relator's objection ignores this specific finding of the Magistrate Judge, and cites no case law and/or authority in support of his contrary position. The Magistrate Judge found, and the Court agrees, that Relator failed to allege any claims made by SLM to the government, which is not sufficient to state a claim under the FCA (Dkt. #94 at 17). Relator's objection is overruled.

## III.     *Relator's Motion for Leave to Amend*

Relator lastly objects to the Magistrate Judge's denial of his request for leave to amend his Complaint (Dkt. #101 at 6). The Magistrate Judge found that any amended complaint would be futile since Relator cannot plead facts sufficient to overcome the statute of limitations bar. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P*., 620 F.3d 465, 468 (5th Cir. 2010) (a district court may deny leave to amend a complaint if amendment would be futile). The Court agrees with the Magistrate Judge that Relator cannot overcome the statute of limitations

bar, and that amendment of Relator's Complaint would be futile. Accordingly, Relator's objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Relator's timely filed objections (Dkt. #101) and SLM's response (Dkt. #109), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #94) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant SLM Corporation's Motion to Dismiss Plaintiff's First Amended Complaint (Dkt. #37) is **GRANTED**, and Relator's claims against SLM are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**
**SIGNED this 1st day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE