# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. § | | |
| ROLAND WADE JACKSON § | | |
| § | | CASE NO. 4:13-CV-734 |
| v. § | | (Judge Mazzant/Judge Nowak) |
| § | | |
| UNIVERSITY OF NORTH TEXAS, ET AL. § | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 18, 2015, the report of the Magistrate Judge (Dkt. #95) was entered containing proposed findings of fact and recommendations that Defendant Texas Guaranteed Student Loan Corporation's ("TG") Motion to Dismiss First Amended Complaint (Dkt. #43) be granted. The Magistrate Judge recommended Relator's claims against TG be dismissed because Relator lacked standing, Relator's claims are barred by the applicable statutes of limitations, and for failure to state a claim (Dkt. #95). Having received the report of the Magistrate Judge (Dkt. #95), having considered Relator's timely filed objections (Dkt. #102) and TG's response to such objections (Dkt. #106), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #95) as the findings and conclusions of the Court.

## BACKGROUND

The Magistrate Judge previously set forth the procedural and factual history of this litigation in detail, and such facts need not be restated fully herein (*see* Dkt. #95). This litigation arises out of Relator's applications for, and alleged failure to receive, student loan funds during

his attendance at University of North Texas ("UNT") (1992-1996), and the garnishment of certain federal payments owed to him thereafter (Dkt. #10 at 8-9).[1] In the alternative, Relator also asserts state law claims for conspiracy and unjust enrichment. *Id*. at 34. Generally, Relator contends that he attended UNT on athletic scholarship from 1992 through 1996. *Id*. at 8. While attending UNT, Relator applied for two student loans relating to his claims against TG: (1) a $5,500.00 unsubsidized Federal Family Education Loan Program ("FFELP") loan for the 1994-1995 school year from an entity alleged to be "Bank One" (which Relator contends is now JPMorgan Chase Bank N.A. ("Chase")) (the "1994 Loan"); and (2) a $5,500.00 unsubsidized FFELP loan for the 1995-1996 school year from Chase (the "1995 Loan") (collectively with the 1994 Loan, the "Loans"). *Id*. at 12-13. Relator argues that the estimated financial assistance amount submitted in connection with the Loans was too low because it did not include his athletic scholarship award amount. *Id*. Inclusion of Relator's scholarship amount would have allegedly limited Relator's eligibility for additional aid and would have resulted in Relator not qualifying for this financial assistance. *Id*. at 15. Relator argues that Chase approved the "falsely certified" Loans even though Relator was ineligible to receive them. *Id*. Relator asserts that UNT eventually realized its error in omitting the athletic scholarship amount, and ultimately denied the Loans to Relator because it "did not want to violate NCAA Rules by physically disbursing" the Loans to Relator. *Id*. at 13. Notwithstanding UNT's decision not to disburse the funds, Relator contends that UNT received the full amount of the loan funds from Nelnet, Inc. ("Nelnet"), a third-party servicer, and issued checks to Relator as evidence that he received the

---

[1] In the Magistrate Judge's report and recommendation, the Magistrate Judge stated that Relator's wages were garnished to repay the loan obligation to the Department of Education (Dkt. #95 at 1, 6). In his objections, Relator now clarifies that the alleged false claims submission caused the garnishment of (1) federal travel payments owed to Relator for payment towards his federal credit card (a condition of his federal employment); and (2) multiple income tax refunds (Dkt. #102 at 2). The Court notes this clarification in its Order; however, this distinction is irrelevant to the ultimate conclusions of the Magistrate Judge, and does not alter the result herein.

funds, but in actual fact never disbursed those funds. *Id*. at 14-15. Relator graduated from UNT in May 1996, triggering Relator's repayment obligations on the Loans. *Id*. at 7-8.

TG is a guaranty agency that administered the FFELP as a fiduciary on behalf of the Department of Education (the "Department") (Dkt. #43 at 3). It is undisputed that TG does not evaluate a borrower's eligibility for student loans, originate loans, perform activities of the school, and/or service student loans. *Id*. Relator contends that TG guaranteed the allegedly "falsely certified" Loans as part of an agreement with the other Defendants, as co-conspirators, to "intentionally guarantee[] loans that exceeded the COA with the cancelled loans first, and then the approved loans" (Dkt. #10 at 12). More specifically, Relator asserts that TG guaranteed the Loans that were falsely certified by UNT without independently verifying the details of the promissory notes. *Id*. at 16-17, 22-24. Relator further contends that after he defaulted on his Loans, TG received the claim for payment from Chase (submitted by the loan servicer, SLM Corporation ("SLM")), improperly paid the claims – in the amounts of $10,264.89 and $9,530.91 – and then proceeded to recover on these allegedly "falsely certified" Loans. *Id*. at 27-28. The entire amount of the allegedly improper Loans has now been satisfied in full. *Id*. at 30.

Relator filed this action under seal on December 11, 2013, asserting claims arising under the False Claims Act ("FCA") against Defendants UNT, Chase, Nelnet, TG, and SLM (Dkt. #1). Relator also asserts state law claims for conspiracy and unjust enrichment. *Id*. The United States declined to intervene, and filed its notice indicating such on October 17, 2014 (Dkt. #8). On November 14, 2014, the Court acknowledged the United States' election to decline to intervene, and ordered the Complaint unsealed and served upon Defendants by Relator (Dkt. #9). On November 21, 2014, Relator filed an Amended Complaint, which is the live pleading in this case (Dkt. #10). Thereafter, Relator served Defendants, including TG, and such service was

returned executed on January 12, 2015 (Dkt. #30).  On February 12, 2015, TG filed its Motion to Dismiss (Dkt. #43).  On March 9, 2015, Relator filed a Motion for Leave to File Response (and attached a Response), which the Court granted, and Relator's Response was filed on such date (Dkt. #52; Dkt. #52-1).  On April 8, 2015, TG filed a Reply (Dkt. #70), and on May 28, 2015, a Notice of Supplemental Authority (Dkt. #82).

On November 18, 2015, the Magistrate Judge entered a report and recommendation containing proposed findings of fact and recommendations that TG's Motion to Dismiss (Dkt. #43) be granted, and Relator's claims against TG be dismissed in their entirety with prejudice (Dkt. #95).  The Magistrate Judge found that Relator lacked standing to pursue his FCA claims because the United States suffered no injury in fact.  *Id*.  The Magistrate Judge further found that, even if Relator was able to establish standing, that Relator's FCA claims are also barred by the statute of limitations, and recommended that Relator's claims under 31 U.S.C. § 3729(a)(1)(A) and 3729(a)(1)(B) be dismissed for failure to state a claim.  *Id*.

On December 4, 2015, Relator filed his objections to the report and recommendation of the Magistrate Judge (Dkt. #102).  On December 18, 2015, TG filed a response to Relator's objections (Dkt. #106).  The Court has reviewed Relator's objections to the report and recommendation of the Magistrate Judge, and considers each herein.

## ANALYSIS

Relator objects to the Magistrate Judge's finding that: (1) Relator lacks standing; (2) Relator's claims are barred by the statute of limitations; (3) Relator failed to state a claim; and also (4) for denial of Relator's request for leave to amend his complaint (Dkt. #102).  The Court addresses each objection in turn.

**I.     *Standing***

Relator objects to the finding of the Magistrate Judge that he lacks standing to assert claims against TG because the United States suffered no injury in fact (Dkt. #102 at 2). More specifically, Relator contends that TG was responsible for acting as a fiduciary responsible for protecting the interests of the Department and taxpayers in its administration of federal funds. *Id*. Relator asserts that TG caused the United States injury when it took money from the "Federal Fund" to reimburse Chase and SLM on the Loans, and the government was damaged by (1) the loss of time value of the funds, and (2) any interest that could have been earned during this time. *Id*. at 3. Moreover, Relator argues that any injury to the government occurred the moment the government paid on the false claims, and that the Magistrate Judge's ruling is a premature ruling on TG's affirmative defense that the government has been made whole. *Id.*

The Magistrate Judge found that the United States suffered no actual monetary injury since TG recovered, on behalf of the United States, what was owed to it under the FFELP guidelines (Dkt. #95 at 12). The Magistrate Judge further addressed Relator's argument (made for the first time in his responsive brief) that the Department suffered injury to its reputation, and found that Relator's Complaint failed to allege any facts indicating an injury to the reputation of the government, and in any event, Relator failed to plausibly suggest injury to the reputation of the United States. *Id*. at 13. The Court agrees with the Magistrate Judge that the United States has not suffered an injury in fact in this case, and as such, Relator lacks standing. Relator does not meaningfully dispute these findings of the Magistrate Judge, and the Court adopts such findings in full.

Relator now for the first time asserts an injury related to the time value of money, which is inapplicable here. As noted by TG in its response, "there are no allegations or citations to the concept that the [Department] was to receive interest on the 'Federal Fund' administered by TG

from which the guarantee was paid or that the [Department] was to earn interest on any funds reimbursed to the guarantee fund" (Dkt. #106 at 4). Relator's arguments cannot establish an injury because: (1) the United States has been made whole through the recovery efforts of TG in accordance with its statutorily granted authority; (2) Relator does not sufficiently allege any injury to the reputation of the Department (which, in any event, is not an argument adequately supported by case law); and (3) Relator does not sufficiently allege the United States has lost any money and/or value because of the time value of money. For these reasons, Relator lacks standing to pursue his claims. Accordingly, Relator's objection is overruled.

## II.     *Statute of Limitations*

### A.     *FCA Claims*

Relator next objects to the Magistrate Judge's conclusion that Relator's claims arising under the FCA should be dismissed because they are barred by the applicable statute of limitations (Dkt. #102 at 3-4). More specifically, Relator persists in his argument that the limitations period should be tolled under 31 U.S.C. § 3731(b)(2), which provides that a claim must be brought within three years "after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed." Relator argues that this action was filed in December 2013, which was within three (3) years of the date when facts material to the right of action were known (December 2, 2011, according to Relator), and less than ten (10) years from the date on which the violation occurred. *Id*. TG contends that Relator's argument is merely a restatement of his prior argument, which the Magistrate Judge already considered and rejected (Dkt. #106 at 5-7).

The text of the FCA's limitations provision states an FCA lawsuit may not be brought:

> (1) more than 6 years after the date on which the violation of [the FCA] is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with the responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.

31 U.S.C. § 3731(b). Relator does not dispute that the six-year limitations period ran before he filed this litigation (Dkt. #102). In keeping with the rulings of other courts that have considered this issue, and in particular the Fifth Circuit, the Magistrate Judge found that Relator could not rely on the ten-year statute of limitations period because the United States declined to intervene (Dkt. #95 at 14-17 (citing *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 814 (E.D. Tex. 2008))); *United States ex rel. Erskine v. Baker*, No. 99-50034, 2000 WL 554644 (5th Cir. Apr. 13, 2000); *United States ex rel. King v. Solvay S.A.*, 823 F. Supp. 2d 472, 535-36 (S.D. Tex. 2011), *vacated in part on other grounds by* 2012 WL 1067228 (S.D. Tex. Mar. 28, 2012); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, No. EP-07-CV-247-PRM, 2010 WL 1645969, at *3-8 (W.D. Tex. Jan. 21, 2010)). Specifically, the Magistrate Judge concluded that Relator's claims are subject to the six-year limitations period, and found that Relator's claims were filed more than two (2) years after the expiration of this period. *Id.* at 17. Other than reurging his previous argument, Relator cites no additional or new case law and offers no reason why the Court should ignore the case law in the Fifth Circuit and/or reach a contrary result in this case. Accordingly, the Court finds that Relator's objection is overruled; the Court agrees that Relator's FCA claims are subject to the six-year limitations period.

    **B.**    *State Law Claims*

Relator next objects to the finding of the Magistrate Judge that Relator's state law claims are similarly barred by the statute of limitations (Dkt. #102 at 7-8). Relator asserts that the limitations period should not have started running on his individual state law claims until all administrative attempts to resolve Relator's complaints had run their course. *Id*. More specifically, Relator contends that as late as March of 2012, Relator was led to believe that the Department would resolve his complaints after a hearing on the matter. *Id*. Relator asserts that he filed this litigation within two years of his belief that an administrative proceeding was still available to him. *Id*. TG contends that this is the first time Relator has made this argument, and that there is no case law and/or authority to support the proposition that administrative remedies must be exhausted before the statute of limitations begins to run (Dkt. #106). The Court agrees. Relator makes no attempt to show that he was required to exhaust his administrative remedies at the Department, nor that he did actually exhaust his remedies prior to filing common law claims against TG. As TG points out, six and one-half years is a long time to wait for a potential administrative hearing. *Id*. at 8. Relator's state law claims are time-barred, and Relator's objection is overruled.

### III. *Failure to State a Claim*

Relator also objects to the finding of the Magistrate Judge that Relator failed to allege a claim under 31 U.S.C. § 3729(a)(1)(A) and 31 U.S.C. § 3729(a)(1)(B) (Dkt. #102 at 5-7). More specifically, Relator argues that TG failed to comply with the fiduciary duties placed on it to verify the accuracy and compliance of all loan documents, and by paying funds out of the "Federal Fund." *Id*. at 5. Relator asserts that these false claims could not have been submitted without TG's agreement to guarantee the Loans in the event of default despite the promissory notes not being properly completed. *Id*. Relator asserts that TG approved the payment of the guaranty with full knowledge that it (1) initially accepted incomplete promissory notes to

guarantee the Loans, and (2) issued the insurance claim payment upon the submission of the default claim absent completed information. *Id*. at 7.

When considering TG's failure to state a claim argument, the Magistrate Judge specifically found that Relator "failed to allege that TG submitted and/or presented a claim to the government for payment." (Dkt. #95 at 20). "[W]hen there is a government-insured loan, a claim under the False Claims Act only occurs when the borrower defaults and the government must make payment." *United States ex rel. Graves v. ITT Educ. Servs., Inc*., 284 F. Supp. 2d 487, 495-96 (S.D. Tex. 2003), *aff'd*, 111 F. App'x 296 (5th Cir. 2004) (citation omitted). Relator asserts only that TG paid the lender (Chase) and servicer (SLM), and then assisted the Department of Education in recovering those funds on the government's behalf (Dkt. #10 at 33). Moreover, the Magistrate Judge found that Relator failed to plead that any statements made were material to the alleged false claims, specifically noted that Relator did not allege any false records or statements were made by TG to the government, and because of Relator's lack of specificity regarding any such statements, no facts regarding materiality can be gleaned or inferred from Relator's pleading (Dkt. #95 at 20). Relator's objection ignores these specific findings of the Magistrate Judge, and does not attempt to remedy these deficiencies. The Magistrate Judge found, and the Court agrees, that Relator failed to allege any claims made by TG to the government, which is not sufficient to state a claim under the FCA (Dkt. #95 at 20). Relator's objection is overruled.

## IV. *Relator's Motion for Leave to Amend*

Relator lastly objects to the Magistrate Judge's denial of his request for leave to amend his Complaint (Dkt. #102 at 8). The Magistrate Judge found that any amended complaint would be futile since Relator cannot plead facts sufficient to overcome the statute of limitations bar. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P*., 620 F.3d 465, 468 (5th Cir. 2010) (a district court may deny leave to amend a complaint if amendment would be futile). The Court agrees with the Magistrate Judge that Relator cannot overcome the statute of limitations bar, and that amendment of Relator's Complaint would be futile. Accordingly, Relator's objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Relator's timely filed objections (Dkt. #102) and TG's response (Dkt. #106), and having conducted a de novo review, this Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #95) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant Texas Guaranteed Student Loan Corporation's Motion to Dismiss First Amended Complaint (Dkt. #43) is **GRANTED**, and Relator's claims against TG are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**
**SIGNED this 1st day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE