# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, EX REL. § | | |
| ROLAND WADE JACKSON § | | |
| § | CASE NO. 4:13-CV-734 | |
| v. § | (Judge Mazzant/Judge Nowak) | |
| § | | |
| UNIVERSITY OF NORTH TEXAS, ET AL. § | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 25, 2015, the report of the Magistrate Judge (Dkt. #97) was entered containing proposed findings of fact and recommendations that Defendant Nelnet, Inc.'s ("Nelnet") Amended Rule 12(b)(6) Motion to Dismiss (Dkt. #42) be granted. The Magistrate Judge recommended Relator's claims against Nelnet be dismissed because Relator's claims are barred by res judicata and the statute of limitations, and further found that Relator's False Claims Act ("FCA") claims should be dismissed for failure to state a claim (Dkt. #97 at 19). Having received the report of the Magistrate Judge (Dkt. #97), having considered Relator's timely filed objections (Dkt. #104) and Nelnet's response to such objections (Dkt. #110), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #97) as the findings and conclusions of the Court.

## BACKGROUND

The Magistrate Judge previously set forth the procedural and factual history of this litigation in detail, and such facts need not be restated fully herein (*see* Dkt. #97). This litigation

arises out of Relator's applications for, and alleged failure to receive, student loan funds during his attendance at University of North Texas ("UNT") (1992-1996), and the garnishment of certain federal payments owed to him thereafter (Dkt. #10 at 8-9). In the alternative, Relator also asserts state law claims for conspiracy and unjust enrichment. *Id*. at 34. Generally, Relator contends that he attended UNT on athletic scholarship from 1992 through 1996. *Id*. at 8. While attending UNT, Relator applied for two student loans relating to his claims against Nelnet: (1) a $5,500.00 unsubsidized Federal Family Education Loan Program ("FFELP") loan for the 1994-1995 school year from an entity alleged to be "Bank One" (which Relator contends is now JPMorgan Chase Bank N.A. ("Chase")) (the "1994 Loan"); and (2) a $5,500.00 unsubsidized FFELP loan for the 1995-1996 school year from Chase (the "1995 Loan") (collectively with the 1994 Loan, the "Loans"). *Id*. at 12-13. Relator argues that the estimated financial assistance amount submitted in connection with the Loans was too low because it did not include his athletic scholarship award amount. *Id*. Inclusion of Relator's scholarship amount would have allegedly limited Relator's eligibility for additional aid and would have resulted in Relator not qualifying for this financial assistance. *Id*. at 15. Relator argues that Chase approved the "falsely certified" Loans even though Relator was ineligible to receive them. *Id*. Relator asserts that UNT eventually realized its error in omitting the athletic scholarship amount, and ultimately denied the Loans to Relator because it "did not want to violate NCAA Rules by physically disbursing" the Loans to Relator. *Id*. at 13. Notwithstanding UNT's decision not to disburse the funds, Relator contends that UNT received the full amount of the loan funds from Nelnet, a third-party servicer, and issued checks to Relator as evidence that he received the funds, but in actual fact never disbursed those funds. *Id*. at 14-15. Relator graduated from UNT in May 1996, triggering Relator's repayment obligations on the Loans. *Id*. at 7-8.

According to Relator, the failure of Nelnet – as well as UNT, Chase, SLM Corporation ("SLM"), and Texas Guaranteed Student Loan Corporation ("TG") – to verify the details of his loan obligations caused the submission of false claims to the government for payment and the garnishment of Relator's wages to repay the loan obligation. *Id*. at 24, 28. Specifically, Relator contends that Nelnet was the original servicer of the Loans from September 1994 until June 1, 2000 (when SLM allegedly began servicing the Loans). *Id*. at 25-26. On this note, Relator contends that Nelnet issued checks for the Loans made payable to both Relator and UNT, but that Nelnet – notwithstanding requests – has never been able to provide copies of the disbursed loan checks to Relator. *Id*. at 25. Moreover, Relator asserts that, in any event, the loan checks issued by Nelnet lack Relator's authorized endorsement (and thus should never have been cashed); and further, that "Nelnet lacks trustworthiness due to servicing [the] falsely certified promissory notes." *Id*. It is undisputed that Nelnet has had no involvement with the Loans since June 1, 2000, when SLM began servicing the Loans. *Id*. Indeed, SLM (not Nelnet) allegedly submitted the claims to TG on July 26, 2005, for payment. *Id*. Accordingly, while Relator identifies no specific date for Nelnet's allegedly wrongful conduct, the last possible date of Nelnet's involvement with any of the allegedly falsely certified Loans was June 1, 2000 – over fifteen (15) years ago. *Id*. In 2011, Realtor brought suit in the United States District Court for the Eastern District of Texas for similar claims based on the same factual allegations (Dkt. #42 at 3). *See Jackson v. Nelnet*, No. 4:11-CV-205 (E.D. Tex. Dec. 30, 2011) ("*Jackson I*"). In *Jackson I*, Relator alleged that (1) Chase made the Loans, (2) Nelnet serviced the same Loans for a period of time, (3) Chase received payment for the guarantee claim from the guaranty agency, (4) the Loans were not valid, (5) a portion of the Loan proceeds were not disbursed to Relator, and (6) the Department of Education attempted to collect on the defaulted

loans by offsetting government payments to Relator (Dkt. #97 at 9). A final judgment on the merits was entered by the Court, and the case was dismissed. *Id*. at 8.

Relator filed this action under seal on December 11, 2013, asserting claims arising under the FCA against Defendants UNT, Chase, Nelnet, TG, and SLM (Dkt. #1). Relator also asserts state law claims for conspiracy and unjust enrichment. *Id*. The United States declined to intervene, and filed its notice indicating such on October 17, 2014 (Dkt. #8). On November 14, 2014, the Court acknowledged the United States' election to decline to intervene, and ordered the Complaint unsealed and served upon Defendants by Relator (Dkt. #9). On November 21, 2014, Relator filed an Amended Complaint, which is the live pleading in this case (Dkt. #10). Thereafter, Relator served Defendants, including Nelnet, and such service was returned executed on January 12, 2015 (Dkt. #27). On February 11, 2015, Nelnet filed its Amended Motion to Dismiss (Dkt. #42). On March 2, 2015, Relator filed a Response (Dkt. #50). On March 31, 2015, Nelnet filed a Reply (Dkt. #63); and, on April 29, 2015, Relator filed a Sur-Reply to the Motion to Dismiss (Dkt. #75). On June 2, 2015, Nelnet filed an Amended Motion for Leave of Court to Amend and [Supplement] Its Motion to Dismiss and Reply in Support of Its Motion to Dismiss with New Authority (Dkt. #85), which the Court granted on November 23, 2015 (Dkt. #96).

On November 20, 2015, the Magistrate Judge entered a report and recommendation containing proposed findings of fact and recommendations that Nelnet's Motion to Dismiss (Dkt. #42) be granted, and Relator's claims against Nelnet be dismissed in their entirety with prejudice (Dkt. #97). The Magistrate Judge found that Relator's claims are barred by res judicata, and recommended Relator's claims be dismissed. *Id*. The Magistrate Judge further found that even if Relator's claims were not barred by res judicata, that Relator's FCA and state

law claims are barred by the statute of limitations, and that Relator's FCA claims should also be dismissed for failure to state a claim. *Id*. The Magistrate Judge recommended that Relator's claims be dismissed in their entirety. *Id*.

On December 8, 2015, Relator filed his objections to the report and recommendation of the Magistrate Judge (Dkt. #104). On December 21, 2015, Nelnet filed a response to Relator's objections (Dkt. #110). The Court has reviewed Relator's objections to the report and recommendation of the Magistrate Judge, and considers each herein.

## ANALYSIS

Relator objects to the Magistrate Judge's finding that: (1) Relator's claims are barred by res judicata; (2) Relator's claims are barred by the statute of limitations; (3) Relator failed to state a claim; and also (4) for denial of Relator's request for leave to amend his complaint (Dkt. #104). The Court addresses each objection in turn.

### I. *Res Judicata*

Relator objects to the finding of the Magistrate Judge that his claims are barred by res judicata (Dkt. #104 at 2-5). More specifically, Relator contends that *Jackson I* did not arise from the same operative facts as this litigation, because Relator pursued only claims under the Federal Debt Collection Practices Act ("FDCPA"). *Id*. at 2. Relator also argues that the judgment entered in the previous case did not address whether Nelnet committed fraud in submitting the false claims. *Id*. at 3. Because of this, Relator contends that res judicata does not apply to the present litigation. *Id*. In response, Nelnet contends that Relator's arguments are misplaced (Dkt. #110 at 1), and focus solely on the fourth element of the res judicata test applied by the Magistrate Judge (and thus fails to consider the full breadth of the Magistrate Judge's ruling). *Id*.

The Court finds that Relator's argument that res judicata does not apply to the present litigation is misplaced. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In this way, res judicata "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Id.* (citation omitted). In order for a claim to be barred by res judicata, four elements must be met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Id.* (citing *In re Ark-La-Tex Timber Co.*, 482 F.3d 319, 330 (5th Cir. 2007)). Again, Relator objects to the Magistrate Judge's finding that Relator's claims in the present case arose out of the same nucleus of operative facts as the claims by Relator against Nelnet in *Jackson I*. Relator's argument that *Jackson I* involved only claims asserted under the FDCPA ignores that Relator's claims in the instant litigation were "demonstrably premised on the same set of factual allegations as those asserted previously," and for that reason, the Magistrate Judge concluded that Relator's claims arose out of the "same nucleus of operative facts" (Dkt. #97 at 9). *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007). The Court agrees with the Magistrate Judge that the type of claim asserted by Relator in *Jackson I* is not the focus of the inquiry, but rather the nucleus of operative facts must guide the Court. To that end, the Court further agrees that res judicata can bar claims that either were or could have been raised in the earlier litigation. *Id.*; *see United States v. Shaunbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (res judicata "prohibits either party from raising any claim or defense in the later action that was or could have been raised in

support of or in opposition to the cause of action asserted in the prior action."). Relator's claims in *Jackson I* share the same nucleus of operative facts. For these reasons, the Court finds the findings and conclusions of the Magistrate Judge are correct, and Relator's first objection is overruled.

## II. *Statute of Limitations*

### A. *FCA Claims*

Relator objects to the Magistrate Judge's conclusion that Relator's claims arising under the FCA should be dismissed because they are barred by the applicable statute of limitations (Dkt. #104 at 5-7). More specifically, Relator persists in his argument that the limitations period should be tolled under 31 U.S.C. § 3731(b)(2), which provides that a claim must be brought within three years "after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed." Relator argues that this action was filed in December 2013, which was within three (3) years of the date when facts material to the right of action were known (December 2, 2011, according to Relator), and less than ten (10) years from the date on which the violation occurred. *Id.* Nelnet contends that Relator's argument is merely a restatement of his prior argument, which the Magistrate Judge already considered and rejected (Dkt. #110 at 2-3).

The text of the FCA's limitations provision states an FCA lawsuit may not be brought:

> (1) more than 6 years after the date on which the violation of [the FCA] is committed, or
>
> (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with the responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,

whichever occurs last.

31 U.S.C. § 3731(b). Relator does not dispute that the six-year limitations period ran before he filed this litigation (Dkt. #104). In keeping with the rulings of other courts that have considered this issue, and in particular the Fifth Circuit, the Magistrate Judge found that Relator could not rely on the ten-year statute of limitations period because the United States declined to intervene (Dkt. #97 at 10-12 (citing *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 814 (E.D. Tex. 2008)); *United States ex rel. Erskine v. Baker*, No. 99-50034, 2000 WL 554644 (5th Cir. Apr. 13, 2000); *United States ex rel. King v. Solvay S.A.*, 823 F. Supp. 2d 472, 535-36 (S.D. Tex. 2011), *vacated in part on other grounds by* 2012 WL 1067228 (S.D. Tex. Mar. 28, 2012); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, No. EP-07-CV-247-PRM, 2010 WL 1645969, at *3-8 (W.D. Tex. Jan. 21, 2010)). Specifically, the Magistrate Judge concluded that Relator's claims are subject to the six-year limitations period, and found that Relator's claims were filed more than two (2) years after the expiration of this period. *Id.* at 12. Other than reurging his previous argument, Relator cites no additional or new case law and offers no reason why the Court should ignore the case law in the Fifth Circuit and reach a contrary result in this case. Accordingly, the Court finds that Relator's second objection is also overruled; the Court agrees that Relator's FCA claims are subject to the six-year limitations period.

### B. State Law Claims

Relator next objects to the finding of the Magistrate Judge that Relator's state law claims are similarly barred by the statute of limitations (Dkt. #110 at 16-17). Relator asserts that the limitations period should not have started running on his individual state law claims until all administrative attempts to resolve Relator's complaints had run their course. *Id*. More specifically, Relator contends that as late as March of 2012, Relator was led to believe that the Department would resolve his complaints after a hearing on the matter. *Id*. Relator asserts that he filed this litigation within two years of his belief that an administrative proceeding was still available to him. *Id*. Nelnet contends that this is the first time Relator has made this argument, and that there is no case law and/or authority to support the proposition that administrative remedies must be exhausted before the statute of limitations begins to run (Dkt. #110). The Court agrees. Relator makes no attempt to show that he was required to exhaust his administrative remedies at the Department, nor that he did actually exhaust his remedies prior to filing common law claims against Nelnet. Accordingly, the Court finds Relator's state law claims are time-barred, and Relator's objection is overruled.

### III. Failure to State a Claim

Relator also objects to the finding of the Magistrate Judge that Relator failed to allege a claim under 31 U.S.C. § 3729 (Dkt. #104 at 7-8). More specifically, Relator argues that he asserted in his Amended Complaint that Nelnet serviced the falsely certified Loans, fraudulently filed documents stating that two Loans were disbursed to Relator, and conspired to maximize loan amounts based on Nelnet's fraud. *Id*. Relator contends that it was Nelnet's obligation to verify the accuracy of the information submitted to the Department. *Id*. at 8. Relator also raises for the first time in his objections the argument that Nelnet allegedly failed to comply with certain FFELP regulations. *Id*. In response, Nelnet contends that Relator's new allegations are

immaterial to Relator's FCA claims because "[t]he FCA is not concerned with regulatory noncompliance" (Dkt. #110 at 3 (citing *United States ex rel. Vigil v. Nelnet, Inc.*, 639 F.3d 791, 795 (8th Cir. 2011))).

The Magistrate Judge found that Relator's factual allegations against Nelnet are found in only a single paragraph of the Complaint and assert simply that "[f]rom September 1994 to June 2000, Nelnet serviced the falsely certified unsubsidized Chase loan[s]" and that "Nelnet has not been able to provide the approved disbursed loan checks to [Relator]" (Dkt. #97 at 13-14; Dkt. #10 at 25). After considering Relator's limited allegations against Nelnet, the Magistrate Judge concluded that Relator failed to allege that Nelnet submitted and/or presented a claim to the government for payment, and failed to complain of or apprise Nelnet of any further acts Nelnet has committed (Dkt. #97 at 14). For example, the Magistrate Judge noted that Relator failed to plead that any statements were made by Nelnet, much less that such statements were material to the alleged false claims, or that any false records or statements were made by Nelnet to the government. The Court agrees that Relator has failed to state a claim under the FCA against Nelnet because of Relator's lack of specificity regarding any such claims. Moreover, Relator's new theory that Nelnet failed to comply with certain regulations in servicing Relator's Loans cannot form the basis of an FCA claim. *Vigil,* 639 F.3d at 795. The Magistrate Judge found, and the Court agrees, that Relator failed to allege any claims made by Nelnet to the government and failed to apprise Nelnet of any further acts Nelnet has committed. Relator's objection is overruled.

## IV. *Relator's Motion for Leave to Amend*

Relator lastly objects to the Magistrate Judge's denial of his request for leave to amend his Complaint (Dkt. #104 at 9). The Magistrate Judge found that any amended complaint would

be futile since Relator cannot plead facts sufficient to overcome the statute of limitations bar. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (a district court may deny leave to amend a complaint if amendment would be futile). The Court agrees with the Magistrate Judge that Relator cannot overcome the statute of limitations bar, and that amendment of Relator's Complaint would be futile. Accordingly, Relator's objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Relator's timely filed objections (Dkt. #104) and Nelnet's response (Dkt. #110), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #97) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant Nelnet, Inc.'s Amended Rule 12(b)(6) Motion to Dismiss (Dkt. #42) is **GRANTED**, and Relator's claims against Nelnet are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**
**SIGNED this 1st day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE