# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, EX REL. ROLAND WADE JACKSON | § § § | | |
| | § | CASE NO. 4:13-CV-734 | |
| v. | § | (Judge Mazzant/Judge Nowak) | |
| | § | | |
| UNIVERSITY OF NORTH TEXAS, ET AL. | § | | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On December 4, 2015, the report of the Magistrate Judge (Dkt. #103) was entered containing proposed findings of fact and recommendations that Defendant University of North Texas's ("UNT") Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim (Dkt. #46) be granted. The Magistrate Judge recommended Relator's Federal Claims Act ("FCA") claims be dismissed because UNT is not a "person" as defined by the FCA statute (Dkt. #103 at 18). The Magistrate Judge further recommended Relator's claims be dismissed because the Eleventh Amendment provides immunity to UNT for such claims, and also because Relator's claims are barred by the statute of limitations. *Id.* Having received the report of the Magistrate Judge (Dkt. #103), having considered Relator's timely filed objections (Dkt. #107) and UNT's response to such objections (Dkt. #111), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the Court hereby adopts the Magistrate Judge's report (Dkt. #103) as the findings and conclusions of the Court.

**BACKGROUND**

The Magistrate Judge previously set forth the procedural and factual history of this litigation in detail, and such facts need not be restated fully herein (*see* Dkt. #103). This litigation arises out of Relator's applications for, and alleged failure to receive, student loan funds during his attendance at UNT (1992-1996), and the garnishment of certain federal payments owed to him thereafter (Dkt. #10 at 8-9). In the alternative, Relator also asserts state law claims for conspiracy and unjust enrichment. *Id*. at 34. Generally, Relator contends that he attended UNT on athletic scholarship from 1992 through 1996. *Id*. at 8. While attending UNT, Relator applied for two student loans relating to his claims against UNT: (1) a $5,500.00 unsubsidized FFELP loan for the 1994-1995 school year from an entity alleged to be "Bank One" (which Relator contends is now JPMorgan Chase Bank N.A. ("Chase")) (the "1994 Loan"); and (2) a $5,500.00 unsubsidized FFELP loan for the 1995-1996 school year from Chase (the "1995 Loan") (collectively with the 1994 Loan, the "Loans"). *Id*. at 12-13. Relator argues that the estimated financial assistance amount submitted in connection with the Loans was too low because it did not include his athletic scholarship award amount. *Id*. Inclusion of Relator's scholarship amount would have allegedly limited Relator's eligibility for additional aid and would have resulted in Relator not qualifying for this financial assistance. *Id*. at 15. Relator argues that Chase approved the "falsely certified" Loans even though Relator was ineligible to receive them. *Id*. Relator asserts that UNT eventually realized its error in omitting the athletic scholarship amount, and ultimately denied the Loans to Relator because it "did not want to violate NCAA Rules by physically disbursing" the Loans to Relator. *Id*. at 13. Notwithstanding UNT's decision not to disburse the funds, Relator contends that UNT received the full amount of the loan funds from Nelnet, Inc. ("Nelnet"), a third-party servicer, and issued checks to Relator

as evidence that he received the funds, but in actual fact never disbursed those funds. *Id*. at 14-15. It is Relator's contention that UNT has a practice of falsely certifying loans by not including the correct estimated financial assistance amounts, obtaining the falsely certified amounts from the lenders, and then failing to disburse the loan funds to the borrowers. *Id*. at 10-11. Relator asserts that UNT's conduct is intentional and deliberate, and the eventual result is that borrowers must pay for amounts never disbursed to them by UNT. *Id*. Relator graduated from UNT in May 1996, triggering Relator's repayment obligations on the Loans. *Id*. at 7-8.

Relator filed this action under seal on December 11, 2013, asserting claims arising under the FCA against Defendants UNT, Chase, Nelnet, Texas Guaranteed Student Loan Corporation, and SLM Corporation (Dkt. #1). Relator also asserts state law claims for conspiracy and unjust enrichment. *Id*. The United States declined to intervene, and filed its notice indicating such on October 17, 2014 (Dkt. #8). On November 14, 2014, the Court acknowledged the United States' election to decline to intervene, and ordered the Complaint unsealed and served upon Defendants by Relator (Dkt. #9). On November 21, 2014, Relator filed an Amended Complaint, which is the live pleading in this case (Dkt. #10). Thereafter, Relator served Defendants, including UNT, and such service was returned executed on January 12, 2015 (Dkt. #31). On February 26, 2015, UNT filed its Motion to Dismiss (Dkt. #46). On March 12, 2015, Relator filed a Response (Dkt. #54). On March 23, 2015, UNT filed a Reply (Dkt. #59).

On December 4, 2015, the Magistrate Judge entered a report and recommendation containing proposed findings of fact and recommendations that UNT's Motion to Dismiss (Dkt. #46) be granted, and Relator's claims against UNT be dismissed in their entirety with prejudice (Dkt. #103). The Magistrate Judge found that Relator's FCA claims are barred because UNT is not a "person" as defined by the FCA statute; however, even if Relator's FCA

claims are permissible under the statute, the Eleventh Amendment provides immunity to UNT for such claims, and Relator's claims are barred by the statute of limitations. *Id*. Moreover, the Magistrate Judge found that Relator's state law claims are similarly barred by Eleventh Amendment immunity, and the Magistrate Judge declined to exercise its supplemental jurisdiction over such state law claims. *Id*. For these reasons, the Magistrate Judge recommended that Relator's claims be dismissed in their entirety. *Id*.

On December 18, 2015, Relator filed his objections to the report and recommendation of the Magistrate Judge (Dkt. #107). On December 29, 2015, UNT filed a response to Relator's objections (Dkt. #111). The Court has reviewed Relator's objections to the report and recommendation of the Magistrate Judge, and considers each herein.

**ANALYSIS**

Relator objects to the Magistrate Judge's finding that: (1) UNT is not a person as defined by the FCA; (2) Relator's claims are barred by Eleventh Amendment immunity; (3) Relator's claims are barred by the statute of limitations; and (4) Relator's state law claims should be dismissed for failure to state a claim (Dkt. #107). The Court addresses each objection in turn.

*I.     UNT is Not a Person*

Relator objects to the Magistrate Judge's finding that UNT is not a "person" as defined by the FCA (Dkt. #107 at 2). More specifically, Relator seemingly makes two arguments in support of his objection to the Magistrate Judge's ruling. First, Relator argues that UNT cannot be an arm of the state because the source of UNT's funds is private (and not state) funds. *Id*. Second, Relator makes what amounts to a public policy argument - that UNT should not be entitled to Eleventh Amendment immunity because of its allegedly wrongful conduct under the FCA. The Court considers each argument below.

### A. *Source of Funds*

Relator argues that UNT cannot be an arm of the state because UNT has local autonomy over its individual business practices, and particularly, UNT has control over how it administers federal aid and its compliance with the attendant federal regulations. *Id.* at 3. Relator first argues that "UNT has retained Chase loan dollars, which are **not** state funds, in its account since Fall 1994." *Id.* at 4 (emphasis in original).

To determine whether UNT was considered an arm of the state for purposes of immunity, the Magistrate Judge applied the Fifth Circuit's six-factor test, as follows:

(1) Whether the state statutes and case law view the agency as an arm of the state;

(2) The source of funds for the entity;

(3) The degree of local autonomy the entity enjoys;

(4) Whether the entity is concerned primarily with local, as opposed to statewide, problems;

(5) Whether the entity has the authority to sue and be sued in its own name; and

(6) Whether the entity has the right to hold and use property.

(Dkt. #103 at 7 (citing *Clark v. Tarrant County, Texas*, 798 F.2d 736, 744-45 (5th Cir. 1986))); *United States ex rel. King v. Univ. of Tex. Health Sci. Ctr. – Houston*, 544 F. App'x 490, 495 (5th Cir. 2013)). The Magistrate Judge noted that Relator failed to address factors one (1), three (3), four (4), five (5), and six (6), and thus the Magistrate Judge assumed that Relator did not oppose and/or otherwise dispute that UNT meets these factors (Dkt. #103 at 7). Relator still does not dispute that UNT meets these factors, and continues only in his assertion that UNT failed to demonstrate that its funds were state funds under the second factor. The Magistrate Judge found the "key [for factor 2 analysis] is not the ability to identify segregated funds, but the larger

5

concept of jurisdiction over state sovereignty." *King*, 544 F. App'x at 497. Relator cannot, and does not, dispute that at least certain of UNT's funds are appropriated from the state treasury, restricted as to use, and/or subject to state budgetary and accounting requirements (Dkt. #103 at 9-10; Dkt. #107). *See* TEX. GOV'T CODE § 2101.011(b) (2008); TEX. EDUC. CODE §§ 51.001-.009 (2008).

The Court agrees with the Magistrate Judge – in accordance with Fifth Circuit precedent – that use of UNT's funds to pay a judgment would interfere with Texas' fiscal autonomy. *See King*, 544 F. App'x at 497 (dismissing FCA claim against University of Texas Health Science Center where the state provided substantial funding to the entity); *United Carolina Bank v. Bd. Of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 560 (5th Cir. 1982) (dismissing lawsuit against Stephen F. Austin State University where, among other factors, some of the entity's funds were held in the state treasury and were restricted as to use, even if the university had other sources of unappropriated funds). Relator cannot overcome this finding, and asserts (without any evidence, authority, and/or case law) that UNT has local autonomy over its fiscal decisions. Even if Relator's conclusory assertion is true, it is not relevant to the Court's analysis; the Court need not identify and/or separate segregated funds, but rather must consider the effect on any state appropriated funds. The Court agrees that any judgment against UNT would potentially be satisfied, at least in part, with state funds. Accordingly, the second factor is met.

### B. *Wrongful Conduct*

Relator alternatively argues that UNT is not an arm of the state, and qualifies as a person in this case, because of its wrongful conduct (Dkt. #107 at 3). Relator asserts that UNT should not be permitted to profit from its illegal actions, and for this reason, contends UNT should be considered a person under the FCA. *Id.* Relator contends that "in this specific situation,

6

wherein an arm of the State has failed to follow federal regulations, UNT should be accountable as a person under the FCA." *Id*. Relator asserts that federal law holds institutions like UNT liable for adhering to the regulations because of their contractual obligations to the Department. *Id*. Relator specifically argues that UNT (1) knew about the regulations and told the Department it would comply upon entering into an agreement; (2) did not comply with the regulations when it "intentionally omitted" Relator's athletic scholarship award from the promissory notes; (3) knew of the athletic scholarship award because it approved his full tuition/fees, books, and room/board award; (3) failed to include Relator's on-campus housing expenses after approving Relator's scholarship award; and (4) failed to inform the Department that Relator was ineligible to receive the funds because of his athletic scholarship. *Id*. at 4. Relator asserts that, because of these actions, UNT "put itself at risk to face penalties under the FCA." *Id*.

Relator cites *United States ex rel. Main v. Oakland City University,* a Seventh Circuit case, in support of his argument; however, the Seventh Circuit's holding in *Main* does not apply here. 426 F.3d 914, 916 (7th Cir. 2005). In *Main*, the Seventh Circuit was confronted, not with the issue of Eleventh Amendment immunity, but only with whether the relator sufficiently stated a claim under Federal Rule of Civil Procedure 12(b)(6). *Id*. In finding that the relator's claims were sufficient to state a plausible claim, the Seventh Circuit stated that "if the University knew about the rule and told the Department that it would comply, while planning to do otherwise, it is exposed to penalties under the [FCA]." *Id*. Relator uses this quote in support of his policy argument that UNT should be held liable under the FCA because it engaged in certain inequitable conduct (Dkt. #107 at 4). However, the Seventh Circuit's opinion in *Main* is inapplicable to the Court's findings and conclusions here. As previously stated, the issue this Court is confronted with is Eleventh Amendment immunity – specifically, whether or not such

7

immunity applies. Immunity requires a different analysis than the resolution of a Rule 12(b)(6) motion, which necessitates only that a plaintiff have pleaded plausible allegations in support of his claims. FED. R. CIV. P. 12(b)(6). Thus, *Main* cannot be applied here, and Relator has proffered no other authority to support his argument that UNT's allegedly wrongful conduct should subject it to liability under the FCA for policy reasons.

Moreover, even if Relator's factual assertions regarding UNT's alleged wrongful conduct were true, Relator misses the mark. First, any alleged wrongful conduct on the part of UNT has no bearing on whether it may be fairly considered an "arm of the state." *See generally Clark*, 798 F.2d at 744-45; *King*, 544 F. App'x at 495. The Fifth Circuit's comprehensive, six-factor test does not take into account the nature of the wrongful conduct being alleged against an entity for purposes of determining whether it is, in fact, an "arm of the state." *Id.* Relator has not challenged the finding of the Magistrate Judge that all six factors weigh in favor of finding UNT an "arm of the state," with the exception of the public source of funds factor discussed *supra* (Dkt. #107). Thus, Relator's argument that UNT's alleged wrongful conduct should preclude UNT from its status as an "arm of the state" is unpersuasive.

Furthermore, the Magistrate Judge held, and the Court agrees, that the Eleventh Amendment requires dismissal of a suit brought by a private citizen against a state and/or state entity in which the United States has chosen not to intervene (Dkt. #103 at 12 (citing *United States ex rel. Foulds v. Tex. Tech Univ.*, 171 F.3d 279, 293-94 (5th Cir. 1999))). The text of the Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. The Supreme Court has interpreted this amendment to bar citizens from suing their own states, as well as other states. *Hans v. Louisiana*, 134 U.S. 1 (1890). Thus, when a private citizen brings a *qui tam* suit against a state entity, and the United States declines to intervene, Eleventh Amendment immunity bars *qui tam* plaintiffs from bringing the suit. *Foulds*, 171 F.3d at 294.[1] Indeed, the Eleventh Amendment "serves as an essential component of our constitutional structure," and "implicates the fundamental constitutional balance between the Federal Government and the States." *Pace v. Bogalusa City Sch. Bd.,* 403 F.3d 272, 277 (5th Cir. 2005). Thus, the policy behind the preservation of Eleventh Amendment immunity for the states and/or state entities is an important principle of federalism that cannot be easily overcome, and Relator has failed to sufficiently persuade the Court to turn this principle of sovereign immunity on its head. Certainly, Eleventh Amendment immunity is not absolute; however, such immunity applies unless (1) Congress clearly and unequivocally abrogates such immunity; or (2) a state consents to suit in federal court. *Pace*, 403 F.3d at 277. Undisputedly, neither of these principles is applicable here. Relator's claims are, therefore, barred despite Relator's public policy argument to the contrary. Accordingly, Relator's objection is overruled.

## II. Statute of Limitations

### A. FCA Claims

Relator objects to the Magistrate Judge's conclusion that Relator's claims arising under the FCA should be dismissed because they are barred by the applicable statute of limitations (Dkt. #107 at 4-5). More specifically, Relator persists in his argument that the limitations period should be tolled under 31 U.S.C. § 3731(b)(2), which provides that a claim must be brought within three years "after the date when facts material to the right of action are known or

---

[1] Moreover, the "United States cannot delegate to non-designated, private individuals its sovereign ability to evade the prohibitions of the Eleventh Amendment." *Id*.

9

reasonably should have been known by the official of the United States charged with responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed." Relator argues that this action was filed in December 2013, which was within three (3) years of the date when facts material to the right of action were known (December 2, 2011, according to Relator), and less than ten (10) years from the date which the violation occurred. *Id.*

> The text of the FCA's limitations provision states an FCA lawsuit may not be brought:
>
> > (1) more than 6 years after the date on which the violation of [the FCA] is committed, or
> >
> > (2) more than 3 years after the date when facts material to the right of action are known or reasonably should have been known by the official of the United States charged with the responsibility to act in the circumstances, but in no event more than 10 years after the date on which the violation is committed,
>
> whichever occurs last.

31 U.S.C. § 3731(b). Relator does not dispute that the six-year limitations period ran before he filed this litigation (Dkt. #107). In keeping with the rulings of other courts that have considered this issue, and in particular the Fifth Circuit, the Magistrate Judge found that Relator could not rely on the ten-year statute of limitations period because the United States declined to intervene (Dkt. #103 at 13-15 (citing *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 814 (E.D. Tex. 2008)); *United States ex rel. Erskine v. Baker*, No. 99-50034, 2000 WL 554644 (5th Cir. Apr. 13, 2000); *United States ex rel. King v. Solvay S.A.*, 823 F. Supp. 2d 472, 535-36 (S.D. Tex. 2011), *vacated in part on other grounds by* 2012 WL 1067228 (S.D. Tex. Mar. 28, 2012); *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, No. EP-07-CV-247-PRM, 2010 WL 1645969, at *3-8 (W.D. Tex. Jan. 21, 2010)). Specifically, the Magistrate Judge concluded that Relator's claims are subject to the six-year limitations period, and found

that Relator's claims were filed more than two (2) years after the expiration of this period. *Id*. at 15. Other than reurging his previous argument, Relator cites no additional or new case law and offers no reason why the Court should ignore the case law in the Fifth Circuit and reach a contrary result in this case. Accordingly, the Court finds that Relator's objection is overruled; the Court agrees that Relator's FCA claims are subject to the six-year limitations period.

### III.     Failure to State a Claim

Relator also objects to the finding of the Magistrate Judge that Relator's state law claims should be dismissed for failure to state a claim (Dkt. #107 at 7-8). Contrary to Relator's objection, the Magistrate Judge did not recommend dismissal of Relator's claims for failure to state a claim (Dkt. #103). Instead, the Magistrate Judge found that Relator's state law claims were barred by Eleventh Amendment immunity, and accordingly, the exercise of supplemental jurisdiction over such claims was not appropriate (Dkt. #103 at 16-17). Relator does not dispute either of these findings, which are independent grounds for dismissal of Relator's state law claims. Accordingly, the Court agrees that Relator's state law claims should be dismissed as barred by Eleventh Amendment immunity and lack of subject matter jurisdiction. Relator's objection is overruled.

### IV.     Relator's Motion for Leave to Amend

Relator lastly objects to the Magistrate Judge's denial of his request for leave to amend his Complaint (Dkt. #107 at 6). The Magistrate Judge found that any amended complaint would be futile since Relator cannot plead facts sufficient to overcome Eleventh Amendment immunity and the statute of limitations bar. *See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (a district court may deny leave to amend a complaint if amendment would be futile). The Court agrees with the Magistrate Judge that Relator cannot overcome Eleventh Amendment immunity and/or the statute of limitations bar, and that

11

amendment of Relator's Complaint would be futile. Accordingly, Relator's objection is overruled.

## CONCLUSION

Having received the report of the United States Magistrate Judge, having considered each of Relator's timely filed objections (Dkt. #107) and UNT's response (Dkt. #111), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #103) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant University of North Texas's ("UNT") Motion to Dismiss for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim (Dkt. #46) is **GRANTED**, and Relator's claims against UNT are **DISMISSED** with prejudice.

All relief not previously granted is hereby **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED.**
**SIGNED this 1st day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE